UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOBY TREPAGNIER | CIVIL ACTION |
| VERSUS | NO. 21-1796 |
| ORLEANS JUSTICE CENTER, ET AL. | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Jacoby Trepagnier filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4), which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   BACKGROUND

Trepagnier is a pretrial detainee housed in the Orleans Justice Center ("OJC") in New Orleans, Louisiana. ECF No. 4-1, ¶II, at 2. Trepagnier filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983 against the OJC and Orleans Parish Sheriff Marlin S. Gusman. ECF No. 4, at 1, 2.

#### A.   Factual Allegations in the Complaint

Trepagnier's complaint alleges that, on August 9, 2021, he was playing basketball on the recreation yard at the OJC. ECF No. 4-1, ¶IV, at 4. Trepagnier claims that when the game ended, he left the yard to get a drink of water. *Id*. As he returned to the yard, a metal object fell on his head for which he required medical attention. *Id*. at 4-5. Trepagnier does not indicate the relief he seeks from the court. *Id*., ¶V, at 5.

### B.     Reply to the Court's § 1983 Response Order

In his reply to this court § 1983 response order, Trepagnier indicates that Sheriff Gusman and Captain Trenica Steele and Chief Lecount (neither of whom are named in the complaint) are responsible for violations of his constitutional rights. ECF No. 8, ¶1, at 1. He again asserts that, on August 9, 2021, he and other inmates from Pod 3Alpha were playing basketball during their normal recreation time, after which he left to get some water. *Id.*, ¶3, at 1. As he returned to the yard door, a big solid metal object fell on his head causing him a serious head injury. *Id.* at 1-2. He states that at the time of the incident, there was no deputy or ranking officer present. *Id.* at 2. He further states that, after the incident, there was no deputy present on his pod. *Id.*. He asked CMT[1] Peters to call for medical personnel, because he was feeling dizzy and in need of medical attention. *Id.*

Trepagnier alleges that he suffered headaches and head trauma from the incident. *Id.* He claims that he continues to suffer with headaches. He indicates that he has been provided Tylenol for short periods of time, but must file another sick call form for further medical attention. *Id.*

## II.     LEGAL STANDARDS

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[2] A claim is frivolous if it "lacks an arguable basis in law or fact."[3] A claim lacks an arguable basis in

---

[1] The court recognizes that a CMT, or Corrections Monitoring Technician, is a member of the Sheriff's Office staff.
[2] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).
[3] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

2

law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[5] A court may not dismiss a claim simply because the facts are "unlikely."[6]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[7] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[8] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[9]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[10] Thus,

---

[4] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[5] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[6] *Id.*
[7] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[8] *Walch v. Adjutant Gen.'s Dept.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[9] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[10] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[11]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[12] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[13] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[14]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[15]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[16]

---

[11] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[12] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[13] *Id.*
[14] *Id.*
[15] 42 U.S.C. § 1983.
[16] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[17]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[18] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[19]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[20]

## III.  ANALYSIS

### A.  OJC is not a Proper Defendant

Trepagnier listed the OJC as a defendant in the caption of his complaint.  As mentioned previously, § 1983 imposes liability on any "person" who violates someone's constitutional rights under color of state law.[21]  In Louisiana, jail facilities, like the OJC, are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff.[22] Further, under federal law, a county or parish prison facility simply is not recognized as a "person" within the meaning of the statute.[23]  Thus, "a prison or jail or its administrative departments are

---

[17] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[18] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[19] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); accord *Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[21] 42 U.S.C. § 1983; *see generally Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989) (holding that state officials are not "persons" acting in their official capacities under § 1983).
[22] *See Roberts v. Sewerage & Water Bd.*, 92-2048 (La. 03/21/94); 634 So. 2d 341, 347.
[23] *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3d Cir. 1973)) (adopting R.&R.); *Cullen v. DuPage Cty.*, No. 99-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 13, 1999)); *Whitley v. Westchester Cty. Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *7

5

not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[24]

For these reasons, Trepagnier's claims under § 1983 against the OJC must be dismissed pursuant to 28 U.S.C. § 1915(e)(2), § 1915A(b), and as applicable, 42 U.S.C. § 1997e(c)(1), as frivolous and/or for failure to state a claim upon which relief can be granted.

### B.    Claims Against Sheriff Gusman

Trepagnier named Sheriff Gusman as a defendant in this case without providing a factual basis for having done so. An individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[25] Without an allegation of personal involvement, a supervisory official, like a sheriff, cannot be held liable pursuant to § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[26] A plaintiff must instead establish that he suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983.[27]

---

(S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

[24] *Douglas*, 567 F. Supp. 2d at 892; *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Par. Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174, at *4 (E.D. La. Aug, 10, 2015).

[25] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

[26] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[27] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

In this case, Trepagnier has included no allegations to even suggest that Sheriff Gusman was involved in the events about which he complains. Instead, Trepagnier merely lists the Sheriff as defendant without providing any reason or factual basis for having done so. A plaintiff fails to state a claim under § 1983 when, as here, he has merely named a defendant but made no factual allegations against him.[28] The same is true of the additional officers he listed in his reply to the court's order. He has provided no basis for claims against either Captain Steele or Chief Lecount or any other person at the jail to warrant including them in his lawsuit.

Thus, Trepagnier has not alleged that the Sheriff or other prison officials were responsible for his injuries or deliberately indifferent to a known risk of harm, which is a required element for Trepagnier to state a § 1983 claim.[29] Instead, Trepagnier simply asserts that a piece of metal fell on him while no officers or deputies were present, except for CMT Peters. The claim of injuries from a random piece of fallen metal amounts to an accident, and does not invoke constitutional scrutiny under § 1983 just because it occurred in a jail.[30] "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or

---

[28] *See Ethridge v. Tanner*, No. 19-295, 2019 WL 5072089, at *9 (E.D. La. Sep. 19, 1999), *R.&R. adopted*, 2019 WL 5067129, at *1 (E.D. La. Oct. 8, 2019) (citing *Hall v. Peck*, No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), *R.&R. adopted*, 2017 WL 788354, at *1 (E.D. La. Feb. 23, 2017); *Reavis v. St. of Louisiana*, No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. Jun. 8, 2016), *R.&R. adopted*, 2016 WL 3524139, at *1 (E.D. La. Jun. 28, 2016); *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014)).
[29] *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The "official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted).
[30] *Shields v. Whitfield*, No. 17-245, 2020 WL 7211641, at *2 (N.D. Tex. Dec. 7, 2020) ("In short, accidents that occur as a result of negligent action or inaction at a prison facility do not rise to the level of a constitutional violation actionable under § 1983.") (citing *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995)).

property."[31]  For that reason, in a number of different contexts, courts have determined that allegations amounting to mere negligence cannot support a § 1983 claim.[32]

The claims against Sheriff Gusman are, therefore, frivolous and fail to state a claim for which relief may be granted under § 1983.  Trepagnier's claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A, and as applicable, 42 U.S.C. § 1997e.

### C. "Medical Indifference" Claim

In response to this Court's § 1983 Facts Order, Trepagnier identifies Captain Trenica Steele and Chief Lecount as additional persons whom he alleges violated his rights.  ECF No. 7; No. 8, at I(A).  Reading that response as an amendment to his Complaint to include claims against these officers, merely naming them as defendants without any factual allegations to support a claim against them is insufficient.[33]  Moreover, neither Trepagnier's Complaint nor his § 1983 Response can be read to set forth the facts or allegations necessary to support a claim that these defendants were deliberately indifferent to his serious medical needs.

A prisoner, whether pretrial or convicted, may succeed on a claim under § 1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to

---

[31] *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

[32] *See, e.g.*, *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42 & 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983); *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support § 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Indep. Sch. Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

[33] *See Ethridge v. Tanner*, No. 19-295, 2019 WL 5072089, at *9 (E.D. La. Sep. 19, 1999), *R.&R. adopted*, 2019 WL 5067129, at *1 (E.D. La. Oct. 8, 2019) (citing *Hall v. Peck*, No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), *R.&R. adopted*, 2017 WL 788354, at *1 (E.D. La. Feb. 23, 2017); *Reavis v. St. of Louisiana*, No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. Jun. 8, 2016), *R.& R. adopted*, 2016 WL 3524139, at *1 (E.D. La. Jun. 28, 2016); *White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014)).

serious medical needs" by prison officials or other state actors.[34]  Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[35]  "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[36]  Claims of negligent care or mere disagreement with the speed, quality, or extent of medical treatment received does not give rise to a § 1983 claim.[37]  Indeed, a delay in receiving medical treatment is only actionable when the delay is caused by defendants' deliberate indifference and the delay results in substantial harm to the plaintiff.[38]

At most, Plaintiff's complaint and amendment reflect that a falling piece of metal hit him on his head, no deputy was nearby at the time, he started feeling dizzy, he asked the CMT to call medical, he reported headaches to medical for which he received medical care (i.e., Tylenol), and he continues to report headaches to medical for which he receives medication (i.e., Tylenol).  Thus, he appears to admit that he received medical care after the incident and continues to receive care

---

[34] *Estelle*, 429 U.S. at 106.
[35] *Id*. at 104-05.
[36] *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quoting *Domino v. Tex. Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).
[37] *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted) (although inmate died, active treatment of his serious medical condition refuted claim of deliberate indifference, even if treatment was negligently administered); *accord Rowe v. Norris*, 198 F. App'x 579, 2006 WL 2711945, at *2 (8th Cir. 2006) (no constitutional violation when inmate disagreed with physician's choice of medication); *Marksberry v. O'Dea*, 173 F.3d 855, 1999 WL 98533, at *2 (6th Cir. Jan. 28, 1999) (alleged inadequate treatment for broken hand failed to state constitutional violation, when inmate was examined by physician and received x-rays and medication); *Williams v. Browning*, No. 03-157, 2006 WL 83433, at *1, *3 (S.D. Tex. Jan. 11, 2006) (inmate with diabetes, hypertension, anxiety and chronic knee ailment alleged he was unable to timely obtain his medications did not establish any substantial harm from the delay and failed to state a claim for deliberate indifference).
[38] *See, e.g., Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, *4 (E.D. La. Mar. 29, 2012) (three week delay before seeing a doctor was not unreasonable for nonemergency care).

(even if he has to ask for it) for his headaches. To the extent he is attempting to complain about delayed treatment, his disagreement with the type and extent of medical treatment he has received does not give rise to a § 1983 claim absent allegations of deliberate indifference and substantial harm from the delay.[39]

Trepagnier has failed to set forth facts sufficient to state a claim for deliberate indifference to his medical needs. That claim should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A, and as applicable, 42 U.S.C. § 1997e.

### D.   State Law Tort Claims

Trepagnier at best has stated potential negligence claims based on the piece of metal falling on his head. To the extent he intended to assert these claims under state tort law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

Because I recommend that Trepagnier's § 1983 claims be dismissed and no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint, the court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

---

[39] *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (citation omitted) (although inmate died, active treatment of his serious medical condition refuted claim of deliberate indifference, even if treatment was negligently administered); *accord Rowe v. Norris*, 198 F. App'x 579, 2006 WL 2711945, at *2 (8th Cir. 2006) (no constitutional violation when inmate disagreed with physician's choice of medication); *Marksberry v. O'Dea*, 173 F.3d 855, 1999 WL 98533, at *2 (6th Cir. Jan. 28, 1999) (alleged inadequate treatment for broken hand failed to state constitutional violation, when inmate was examined by physician and received x-rays and medication).

## IV.    RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Jacoby Trepagnier's 42 U.S.C. § 1983 claims against defendants Orleans Justice Center and Orleans Parish Sheriff Marlin S. Gusman be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Trepagnier's state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[40]

New Orleans, Louisiana, this __19th__ day of January, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.